UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FIRST CHOICE FEDERAL CREDIT UNION, on behalf of itself and all others similarly situated,<br><br>       Plaintiff,<br><br>  v.<br><br>THE WENDY'S COMPANY, WENDY'S RESTAURANTS, LLC, and WENDY'S INTERNATIONAL, LLC,<br><br>       Defendants. | Case No. 2:16-cv-00506-NBF-MPK<br><br>District Judge Nora Barry Fischer<br><br>Magistrate Judge Maureen P. Kelly |

**PLAINTIFF'S UNOPPOSED MOTION FOR
CONSOLIDATION OF FIVE ACTIONS PURSUANT TO FED. R. CIV. P. 42(a)(2)**

  Plaintiff First Choice Federal Credit Union hereby moves under Fed. R. Civ. P. 42(a)(2) for the consolidation of this action with four other actions pending in this District Court. The additional cases are:

1) *Veridian Credit Union v. The Wendy's Company et al.*, No. 2:16-cv-00831-MPK (W.D. Pa., filed June 15, 2016);

2) *Tech Credit Union v. The Wendy's Company et al.*, No. 2:16-cv-00854-MPK (W.D. Pa., filed June 16, 2016);

3) *South Florida Educational Federal Credit Union et al. v. The Wendy's Company et al.*, No. 2:16-cv-00873-MPK (W.D. Pa., filed June 17, 2016); and

4) *AOD Federal Credit Union v. The Wendy's Company et al.*, No. 2:16-cv-00900-MPK (W.D. Pa., filed June 20, 2016).

The foregoing actions were marked as related to this one when filed, and have been assigned to Magistrate Judge Kelly. All parties, including the three common defendants in all actions,

1

consent to the consolidation of these cases.[1]  Plaintiff proposes that this action (2:16-cv-00506), being the low-numbered case, serve as the "lead" case going forward.  For the reasons described below, consolidation is appropriate under Rule 42 because it will serve the interests and convenience of the parties, promote judicial economy and efficiency, and will not prejudice any party.

## LEGAL STANDARD

Rule 42 of the Federal Rules of Civil Procedure authorizes a court to consolidate actions before it, if they involved a common question of law or fact.  *See* Fed. R. Civ. P. 42.  The decision whether to consolidate is a matter of discretion vested in the district courts, and the Third Circuit has found that Rule 42 confers upon a district court "broad power" to consolidate cases upon motion or upon the court's own initiative.  *Ellerman Lines, Limited v. Atlantic & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964).  "'[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another.'" *Cella v. Togum Constructeur Ensembleier en Industrie Alimentaire*, 173 F.3d 909, 912 (3d Cir. 1999) (quoting *Johnson v. Manhattan R. Co.*, 289 U.S. 479, 496–97 (1933)).  Consolidated cases may be treated as one lawsuit for certain purposes and phases of litigation in order to conserve judicial resources.  *See Bradgage Associates, Inc. v. Fellows, Read & Associates, Inc.*, 999 F.2d 745, 750 (3d Cir. 1993).

---

[1] The undersigned attorney Gary F. Lynch is either lead counsel or local counsel of record for the plaintiffs in all of the pending cases at issue.  Attorney Stephen Stallings has appeared on behalf of the three defendants in this action, who are also the same and only defendants in the other four actions at issue.

2

## ARGUMENT

Consolidation is appropriate here because all of the actions are substantively identical and are in the same stage of litigation. Each action: 1) is brought by payment-card-issuing financial institutions against the same three defendants; 2) is brought as a putative class action seeking to certify the same class of financial institutions; 3) alleges the same legal claims for negligence, negligence per se, and declaratory/injunctive relief; and 4) arises out of the same occurrence: an alleged data breach involving payment card information at Wendy's restaurants during the approximate period of October 2015 to March 2016, or perhaps beyond.

In at least three instances, litigation stemming from data-breach events (involving similarly positioned parties as in this case) have proceeded in consolidated fashions, either through a Multidistrict Litigation ("MDL") procedure or upon motion of the parties. For example, after a breach involving the retailer Target, numerous cases brought by both individual customers and financial institutions were centralized pursuant to 28 U.S.C. § 1407 in an MDL by the Judicial Panel on Multidistrict Litigation ("JPML"), after it found that the cases involved common questions of fact and law, and that centralization would serve the convenience of the parties, would promote the just and efficient conduct of the litigation, would prevent duplicative discovery, would avoid inconsistent pretrial rulings, and would conserve the resources of the parties, counsel, and the judiciary. *See In re Target Corp. Customer Data Security Breach Litig.*, 11 F. Supp. 3d 1338 (J.P.M.L. 2014). Consolidation of actions likewise occurred involving a data breach at The Home Depot. *See In re The Home Depot, Inc. Customer Data Security Breach Litig.*, 65 F. Supp. 3d 1398 (J.P.M.L. 2014). Both of those MDLs were consolidated for pretrial purposes, and the actions brought by financial institutions were placed in separate tracks from the cases brought by individual consumers. *See, e.g., In re Target Corp. Customer Data*

*Security Breach Litig.*, 64 F. Supp. 3d 1304 (D. Minn. 2014) (ruling on motion to dismiss in consolidated financial institution plaintiffs track); *In re The Home Depot, Inc. Customer Data Security Breach Litig.*, No. 1:14-md-2583, 2016 WL 2897520 (N.D. Ga. May 18, 2016) (same).

In a third set of cases, involving a data breach at Kmart, the JPML declined to order centralization, finding that the five pending cases at issue were too few to warrant the creation of an MDL.  *See In re Kmart Corp. Customer Data Security Breach Litig.*, 109 F.Supp.3d 1368 (J.P.M.L. 2015).  However, the JPML encouraged the parties and courts involved to work cooperatively to utilize other available options transfer and consolidation of all actions before one court to avoid duplicative discovery and inconsistent pretrial rulings.  *Id.* at 1369.  The actions at issue in *In re Kmart* ultimately were consolidated in the Northern District of Illinois.  *See generally* Consol. Am. Compl., *Greater Chautauqua Federal Credit Union v. Kmart Corp. et al.*, 1:15-cv-02228, ECF No. 44 (N.D. Ill.).

This Court should exercise its discretion and consolidate this action and the four actions listed above.  All of the actions are recently-filed and none has progressed significantly further than the others.  Thus, consolidation at this time is ideal and will achieve the greatest efficiency.

## CONCLUSION

Wherefore, Plaintiff respectfully requests that the Court enter an order consolidating this action with Nos. 2:16-cv-00831-NBF, 2:16-cv-00854-MPK, 2:16-cv-00873-MPK, and No. 2:16-cv-00900-MPK.  A proposed order is attached.

Dated:  June 27, 2016                                      Respectfully submitted,

/s/ Gary F. Lynch
Gary F. Lynch, PA #56887
Jamisen A. Etzel, PA #311554
**CARLSON LYNCH SWEET KILPELA & CARPENTER, LLP**
1133 Penn Ave., 5th Floor

                          Pittsburgh, PA 15222
                          Telephone:   (412) 322-9243
                          Facsimile:    (412) 231-0246
                          Email: glynch@carlsonlynch.com
                          Email: jetzel@carlsonlynch.com

*Counsel for Plaintiff*

### Certificate of Service

I hereby certify that on June 27, 2016, the foregoing document and its attachments were filed using the Court's CM/ECF system, which will automatically generate electronic service upon registered counsel for all parties.

                          /s/ Gary F. Lynch