IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FIRST CHOICE FEDERAL CREDIT UNION, CREDIT UNION NATIONAL ASSOCIATION, MICHIGAN CREDIT UNION LEAGUE, WRIGHT-PATT CREDIT UNION, ENVISTA CREDIT UNION, GREENVILLE HERITAGE FEDERAL CREDIT UNION, FINANCIAL HORIZONS CREDIT UNION, INDIANA CREDIT UNION LEAGUE, GEORGIA CREDIT UNION AFFILIATES, FIRST NBC BANK, GREATER CINCINNATI CREDIT UNION, ALIGN CREDIT UNION, CENTRUE BANK, NUSENDA CREDIT UNION, NORTH JERSEY FEDERAL CREDIT UNION, ALCOA COMMUNITY FEDERAL CREDIT UNION, OHIO CREDIT UNION LEAGUE, KEMBA FINANCIAL CREDIT UNION, THE SEYMOUR BANK, ASSOCIATED CREDIT UNION, NAVIGATOR CREDIT UNION, and MEMBERS CHOICE CREDIT UNION,<br>    Plaintiffs,<br><br>VERIDIAN CREDIT UNION *on behalf of itself and all others similarly situated*, TECH CREDIT UNION *on behalf of itself and all others similarly situated*, SOUTH FLORIDA EDUCATIONAL FEDERAL CREDIT UNION, PREFERRED CREDIT UNION *on behalf of themselves and all others similarly situated*, and AOD FEDERAL CREDIT UNION *on behalf of itself and all others similarly situated*,<br>    Consolidated Plaintiffs,<br><br>    v.<br><br>THE WENDY'S COMPANY, WENDY'S RESTAURANTS, LLC, and WENDY'S INTERNATIONAL, LLC,<br><br>    Consolidated Defendants. | Civil Action No. 16-506<br>Judge Nora Barry Fischer/<br>Chief Magistrate Judge Maureen P. Kelly<br><br><br><br>Re: ECF No. 53 |

# REPORT AND RECOMMENDATION

## I. RECOMMENDATION

Before the Court is a Motion to Dismiss Plaintiffs' Consolidated Amended Class Action Complaint filed by Defendants The Wendy's Company, Wendy's Restaurants, LLC and Wendy's International, LLC (collectively, "Defendants" or "Wendy's"). ECF No. 53. For the reasons that follow, it is respectfully recommended that the Motion to Dismiss be denied.

## II. REPORT

### A. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are comprised of 26[1] financial institutions who alleged that they "have suffered, and continue to suffer, financial losses as a direct result of Wendy's conscious failure to take adequate and reasonable measures to protect its point-of-sale and computer system." ECF No. 32 at 2.

Plaintiffs make the following factual allegations. Plaintiffs are issuers of credit and debit cards to customers. Id. ¶ 55. When such customers use their cards to make purchases at Wendy's restaurants, Wendy's stores customer payment card data in its computer systems. Id. ¶ 58. Beginning in or about October 2015, computer hackers used the credentials of a third-party vendor to install malware through which they were able to steal Wendy's customers' payment card data from at least 1,000 restaurants. Id. ¶ 62. Wendy's had knowledge of a data breach in December 2015. Id. ¶ 63. By January 2016, unauthorized charges to Wendy's customers' card were underway. Id. ¶ 64.

Plaintiffs First Choice Federal Credit Union, AOD Federal Credit Union, Tech Credit Union, Veridian Credit Union, South Florida Educational Federal Credit Union, Preferred Credit

---

[1] Greenville Heritage Federal Credit Union voluntarily dismissed its claims in this action on December 8, 2016. ECF Nos. 77 and 78.

2

Union, Alcoa Community Federal Credit Union, Associated Credit Union, Centrue Bank, Envista Credit Union, First NBC Bank, Align Credit Union, Navigator Credit Union, The Seymour Bank, Financial Horizons Credit Union, North Jersey Federal Credit Union, Nusenda Credit Union, Greater Cincinnati Credit Union, KEMBA Financial Credit Union, Wright-Patt Credit Union, and Members Choice Credit Union, on behalf of themselves and all others similarly situated, comprise a sub-group designated in the Complaint as the "FI Plaintiffs." Id. Plaintiffs Credit Union National Association, Georgia Credit Union Affiliates, Indiana Credit Union League, Michigan Credit Union League and Ohio Credit Union League, associations that represent the interests of their member credit unions, comprise a sub-group of Plaintiffs designated in the Complaint as "Association Plaintiffs." Id.

Plaintiffs filed the operative Consolidated Amended Class Action Complaint ("the Complaint") on July 22, 2016. ECF No. 32. In the sixty-five page Complaint, Plaintiffs raise claims of negligence, negligence per se, violation of the Ohio Deceptive Trade Practices Act as well as seeking declaratory and injunctive relief. Id.

Defendants filed the instant Motion to Dismiss and Brief in support thereof on August 22, 2016. ECF Nos. 53 and 54. Plaintiffs filed a Brief in Opposition on September 22, 2016. ECF No. 69. Defendants filed a Reply in further support of the Motion to Dismiss on October 13, 2106. ECF No. 75. Plaintiffs filed a Sur-Reply on October 31, 2016. ECF No. 76. The Motion to Dismiss is now ripe for consideration.

**B.    STANDARD OF REVIEW**

As the United States Supreme Court explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on

its face." Id. at 570. In assessing the merits of a claim subject to a motion to dismiss, a court must accept all alleged facts as true and draw all inferences gleaned therefrom in the light most favorable to the non-moving party. Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) (citing Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 653 (3d Cir. 2003)). A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009) (quoting Graff v. Subbiah Cardiology Associates, Ltd., 2008 WL 2312671 (W.D. Pa. June 4, 2008)). The scope of review may extend to "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994).

### C. DISCUSSION

#### 1. Choice of Law and Economic Loss Doctrine

As an initial matter, the parties raise a question as to choice of law. Plaintiffs advocate for a global application of Ohio law. ECF No. 69 at 5-13. Defendants assert that, to the extent any conflicts of law exist, the law of the state in which each FI Plaintiff has its principal place of business should apply. ECF No. 54 at 16-18.

The choice of law dispute in this case relates primarily to the application of the economic loss doctrine. "Broadly speaking, the economic loss doctrine is designed to maintain a distinction between damage remedies for breach of contract and for tort. The term 'economic loss' refers to damages that are solely monetary, as opposed to damages involving physical harm to person or property. The economic loss doctrine provides that certain economic losses are properly remediable only in contract." Giles v. GMAC, 494 F.3d 865, 873 (9th Cir. 2007).

Defendants assert that the economic loss doctrine bars the negligence-based claims of the FI Plaintiffs with principal places of business is Georgia, Illinois, Iowa, Massachusetts, Missouri, Nevada, Ohio, Pennsylvania and Texas. ECF No. 54 at 18.

Plaintiffs dispute the application of the economic loss doctrine in this case. ECF No. 69 at 27-35. Plaintiffs assert, *inter alia*, that the economic loss doctrine does not apply because they have alleged damage to property in the form of computer data. Id. at 43-45. Defendants dispute that computer data can be considered property, noting that Plaintiffs cite only to insurance cases to support this theory. ECF No. 75 at 8-9. Although the Court is far from convinced of Plaintiffs' theory, it is not implausible that computer data could be considered property in this context.

Further, "[a] choice of law analysis in deciding a motion to dismiss is problematic because of the fact-intensive inquiry such an analysis generally requires." Feingold v. State Farm Mut. Auto. Ins. Co., Civ. A. No. 11-6309, 2012 U.S. Dist. LEXIS 46696, at * 14 (E.D. Pa. 2012). Recognizing that concern, and in light of our finding of the plausibility of Plaintiffs' claim for property damage and thus, the plausible inapplicability of the economic loss doctrine, this Court does not find it necessary to undertake a choice of law analysis at this initial stage of this litigation.

### 2. Count I: Negligence (FI Plaintiffs and the Class)

On behalf of the FI Plaintiffs and the Class, Plaintiffs allege that Defendants breached a duty to use reasonable care in safeguarding payment card data and a duty to notify them of any breach in a timely manner. ECF No. 32 ¶ 165.

Defendants assert that this claim should be dismissed where no common law duty exists either to safeguard sensitive information or for a merchant to notify a financial institution of a breach. ECF No. 54 at 23-32.

Generally, a negligence claim requires: "(1) a legal duty on the part of the defendant; (2) the defendant's breach of that duty; and (3) an injury that is the proximate cause of that breach." Goodman v. Orlando Baking Co., 2012 Ohio App. LEXIS 1177, at **12 (Ohio Ct. App. 2012) (citation omitted). "The existence of a duty depends upon the forseeability of the injury." Id.

Plaintiffs allege that Defendants knew the risks of a data breach of their point-of-sale systems and failed to take reasonable steps to guard against those risks. Specifically, Plaintiffs allege that Defendants committed the following specific negligent acts and omissions:

> a. failure to delete cardholder information after the time period necessary to authorize the transaction;
> b. failure to employ systems to protect against malware;
> c. failure to comply with industry standards for software and point-of-sale security;
> d. failure to regularly update antivirus software;
> e. failure to maintain an adequate firewall;
> f. failure to track and monitor access to its network and cardholder data;
> g. failure to limit access to those with a valid purpose;
> h. failure to encrypt Payment Card Data at the point-of-sale;
> i. failure to transition to the use of EMV technology;
> j. failure to conduct frequent audit log reviews and vulnerability scans and remedy problems that were found;
> k. failure to assign a unique ID to each individual with access to its systems;
> l. failure to automate the assessment of technical controls and security configuration standards;
> m. failure to adequately staff and fund its data security operation;
> n. failure to use due care in hiring, promoting, and supervising those responsible for its data security operations;
> o. failure to recognize red flags signaling that Wendy's systems were inadequate and that, as a result, the potential for a massive data breach was increasingly likely;
> p. failure to recognize that hackers were stealing Payment Card Data from its network while the data breach was taking place; and
> q. failure to disclose the data breach in a timely manner.

ECF No. 22 ¶ 171.

Although the Court is cognizant of the various concerns about choice of law, third-party criminal acts and public policy in this evolving area of the law, at this early stage of the litigation and accepting all of the alleged facts as true, it appears that Plaintiffs have advanced a plausible claim for negligence. Accordingly, it is recommended that the Motion to Dismiss be denied as to Count I.

### 3. Count II: Negligence Per Se (FI Plaintiffs and the Class)

Plaintiffs allege that Defendants' actions in failing to use reasonable measures to protect payment card data and in failing to comply with applicable industry standards violated Section 5 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a), and "similar state statutes," and thus constituted negligence per se. ECF No. 32 ¶¶ 174-180. The relevant provision of Section 5 renders "unfair . . . practices in or affecting commerce" unlawful. ECF No. 32 ¶ 175 (citing 15 U.S.C. § 45(a)).

Defendants assert that: (1) Section 5 does not support a claim for negligence per se; (2) Section 5 does not impose a clear and concrete duty or standard of conduct; and (3) the FI Plaintiffs do not fall within the class of persons intended to be protected.[2]

This Court recognizes that Section 5 has been found to be adequate support for a plausible claim for negligence per se asserted by financial institutions against a retailer whose data breach caused damages to those alleged in the instant case. In re Home Depot, Inc., MDL Docket No. 2583, 2016 U.S. Dist. LEXIS 65111, at *30 (N.D. Ga. 2016). In light of this

---

[2] Defendants also argue that certain states where certain Plaintiffs are based do not recognize negligence per se. ECF No. 54 at 32-34. The Court will not address this issue at this time given the unresolved state of the choice of law applicable in this case.

7

holding, we decline to find that Defendants' arguments fail to merit dismissal at this stage. Accordingly, it is recommended that the Motion to Dismiss be denied as to Count II.

### 4. Count III: Violation of Ohio Deceptive Trade Practices Act (FI Plaintiffs and the Class)

Plaintiffs allege that Defendants violated the Ohio Deceptive Trade Practices Act ("ODTPA"), Ohio Rev. Code §§ 4165.01 *et seq.*, by misrepresenting the security of their point of sale payment systems. ECF No. 32 ¶¶ 181-200.[3] Defendants argue that Plaintiffs fail to state this claim because, *inter alia*, they fail to allege facts which would support a causal link between Defendants' alleged misrepresentations and injuries suffered by Plaintiffs. ECF No. 54 at 41.

Ohio courts look to case law interpreting the Lanham Act[4] for guidance when interpreting the ODTPA. Heartland of Urbana OH, LLC v. McHugh Fuller Law Group, PLLC, 2016-Ohio-6959, 2016 Ohio App. LEXIS 3814, at *P59 (Ohio Ct. App. 2016). Proximate cause is a requirement of cause of action for violation of the Lanham Act, thus a plaintiff seeking relief under the ODTPA must allege reliance on the alleged misrepresentation which flowed directly into injury. Lexmark Int'l, Inc. v. Static Control Components, Inc., 134 S. Ct. 1377, 1391 (U.S. 2014).

Plaintiffs allege that Defendants violated the OTDPA, Ohio Rev. Code § 4165.02(A), by misrepresenting the level of security of their payment card system. ECF No. 32 ¶¶ 184, 185, 193. Plaintiffs further allege that they were damaged "as a direct and proximate result" of these statements, listing the damages they incurred as a result of the data breach. Id. ¶ 196. At this early stage of this litigation, these allegations are sufficient to advance a plausible claim for

---

[3] It is noted that the Complaint contains two paragraphs labeled "200." As each relates to a different Count, however, there is little chance of confusion.
[4] 15 U.S.C. § 1051 *et seq.*

violation of the ODTPA. Accordingly, it is recommended that the Motion to Dismiss be denied as to Count III.

### 5. Count IV: Declaratory/Injunctive Relief (Plaintiffs and the Class)

Finally, Plaintiffs seek declaratory and injunctive relief. Specifically, Plaintiffs ask for a judgment declaring that: (1) Defendants owe a legal duty to secure customer data and to notify financial institutions of a data breach; (2) Defendants are currently in breach of that duty; and (3) Defendants' current breach is harming Plaintiffs. ECF No. 32 ¶ 203. Plaintiffs also seek an injunction directing Defendants to utilize eight specified data encryption protocols. Id. ¶ 204.

Defendants move to dismiss this Count on the following bases: (1) failure to state a claim for declaratory relief where: (a) Plaintiffs seek determination as to past liability; and (b) the Association Plaintiffs do not have standing to pursue this claim without the individual participation of their member; and (2) failure to state a claim for injunctive relief where no such cognizable claim exists and where Plaintiffs do not lack an adequate remedy at law. ECF No. 54 at 42-45.

As to the declaratory relief sought, Plaintiffs first assert that Defendants mischaracterize their allegations as limited to past liability. ECF No. 69 at 48. Indeed, Plaintiffs' allegations as to this Count concern continuing actions by Defendants. ECF No. 32 ¶ 203. Accordingly, this is not a basis upon which to grant the Motion to Dismiss as to this Count.

Further, Plaintiffs assert that associational standing is appropriate where, as in this case, the association seeks declaratory and injunctive relief. ECF No. 69 at 49-50. For this proposition, Plaintiffs cite Hospital Council of Western Pa. v. Pittsburgh, 949 F.2d 83, 89 (3d Cir. 1991), which does so hold, in turn citing United States Supreme Court precedent in Pennell v. San Jose, 485 U.S. 1, 7 n.3 (1988); UAW v. Brock, 477 U.S. 274, 287-88 (1986); and Warth

9

v. Seldin, 422 U.S. 490, 515-16 (1975).  Accordingly, this is not a basis upon which to grant the Motion to Dismiss as to this Count.

As to the injunctive relief sought, Plaintiffs assert that they are seeking injunctive relief as an ancillary remedy under the Declaratory Judgment Act and that they do lack an adequate remedy at law, citing the potential loss of good will with customers that could result from a future data breach.  ECF No. 69 at 48-49.  At this early stage of this litigation and based on these allegations, the Court is not inclined to foreclose injunctive relief as a possible remedy.  Thus, it is recommended that the Motion to Dismiss be denied as to Count IV.

### D.     CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' Motion to Dismiss, ECF No. 53, be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.  Failure to timely file objections will waive the right to appeal.  Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated:  February 13, 2017

cc: The Honorable Nora Barry Fischer
United States District Judge

All Counsel of Record via CM-ECF