# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FIRST CHOICE FEDERAL CREDIT UNION et al., on behalf of themselves and all others similarly situated, and CREDIT UNION NATIONAL ASSOCIATION et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE WENDY'S COMPANY et al.,<br><br>Defendants. | CIVIL ACTION NO. 16-506<br><br>HON. NORA BARRY FISCHER |

## MEMORANDUM ORDER

The action was received by the Clerk of Court on April 25, 2016, and was referred to Chief United States Magistrate Judge Maureen P. Kelly for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1) and Local Rules of Court 72.C.

Chief Magistrate Judge Kelly's Report and Recommendation, filed February 13, 2017, (Docket No. [80]), recommended that Defendants' Motion to Dismiss, (Docket No. [53]), be denied, without prejudice. Having conducted a *de novo* review of this matter and having reviewed Plaintiffs' Amended Complaint, (Docket No. [32]); Defendants' Motion to Dismiss and supporting briefing, (Docket Nos. [53], [54]); Plaintiffs' Response in Opposition, (Docket No. [69]); Defendants' Reply, (Docket No. [75]); Plaintiffs' Sur-Reply, (Docket No. [76]), the Report and Recommendation, (Docket No. [80]); Defendants' Objections to the Report and Recommendation, (Docket No. [82]); Plaintiffs' Response in Opposition, (Docket No. [83]); Defendants' Reply, (Docket No. [85]); and Plaintiffs' Sur-Reply, (Docket No. [87]), and for the reasons set forth below, the Court overrules Defendants' Objections to the Report and

1

Recommendation. Accordingly, the following Order is entered:

IT IS HEREBY ORDERED that Defendants' Objections to the Report and Recommendation, (Docket No. [82]), are OVERRULED, Defendants having failed to demonstrate that Chief Magistrate Judge Kelly's Report and Recommendation of February 13, 2017 denying their motion to dismiss is "clearly erroneous or contrary to law." *See* LCvR 72.C.2; FED. R. CIV. P. 72(a); *see also Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985) (explaining that a finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed").

To the extent that Defendants argue that the Report and Recommendation should be rejected because it fails to perform a comprehensive choice-of-law analysis at this state of the litigation, the Court notes that motions relating to choice of law are treated as non-dispositive motions. *Shaw v. Andritz Inc.*, No. 15-CV-725, 2016 U.S. Dist. LEXIS 180137, at *1 n.1 (D. Del. Dec. 29, 2016) (citing *Schoeberle v. United States*, No. 99-CV-352, 2001 U.S. Dist. LEXIS 3572, at *4 (N.D. Ill. Mar. 26, 2001) ("While the determination of the choice of law issue in this case will impact the limits of the plaintiffs['] recovery, it will not dispose of the cause of action itself."); *Middleton v. Sutton*, No. 92-CV-589, 1995 U.S. Dist. LEXIS 376, at *1 (D.N.H. Jan. 5, 1995) ("The magistrate judge's choice-of-law determination is not dispositive of the plaintiff's cause of action.")).

When a magistrate judge's decision involves non-dispositive matters, "the clearly erroneous standard implicitly becomes an abuse of discretion standard." *Saldi v. Paul Revere Life Ins. Co.*, 224 F.R.D. 169, 174 (E.D. Pa. 2004) (citing *Scott Paper Co. v. United States*, 943 F. Supp. 501, 502 (E.D. Pa. 1996)); *see also Bracey v. Harlow*, No. 1:11-CV-4, 2013 U.S. Dist.

LEXIS 72136, at *3-4 (W.D. Pa. May 22, 2013) (explaining that the abuse of discretion standard applies to review of magistrate judges' rulings regarding non-dispositive issues). In this Court's estimation, where the choice-of-law issue is complex, as in this matter, and Chief Magistrate Judge Kelly has sensibly recommended that the parties conduct discovery prior to issuing a ruling, the Court concludes that Chief Magistrate Judge Kelly did not abuse her discretion in deferring a comprehensive choice-of-law analysis at this early state of the litigation. *See, e.g.*, *First Nat'l Bank of Pa. v. Transamerica Life Ins. Co.*, 2015 U.S. Dist. LEXIS 7854, at *20 (W.D. Pa. Jan. 23, 2015) ("[T]he Court finds that at this stage, where the record is not fully developed and there remain several factual issues to be resolved, a conflict of law analysis would be inappropriate.") (citing *Reginella Const. Co., Ltd. v. Travelers Cas. and Sur. Co. of Am.*, 949 F. Supp. 2d 599, 610 (W.D. Pa. 2013), *aff'd*, 568 F. App'x 174 (3d Cir. 2014) ("A choice of law analysis is appropriate at the Rule 12(b)(6) stage when it is not dependent on factual issues that can be probed only with the assistance of a fully developed record.")); *Highland Tank & Mfg. Co. v. PS Int'l, Inc.*, No. 3:04-100, 2010 U.S. Dist. LEXIS 30837, at *19 (W.D. Pa. Mar. 30, 2010) (explaining that the court deferred its ruling on choice of law in its motion to dismiss opinion).[1] As a final matter, the Court notes that it understands that a second Case Management Conference will be held after the Answer to the Amended Complaint is filed, at which time the matters raised in Defendants' Motion to Dismiss will be subject to further discussion, including the scope of discovery on the choice-of-law dispute, and any further briefing thereon, and the timing of the decision on that issue vis-à-vis other issues in this case.[2]

---

[1] The Court notes that to the extent that any party asserts that Pennsylvania law applies, the Superior Court of Pennsylvania has recently found a lack of duty in a potentially parallel setting. *See Dittman v. UPMC*, No. 971 WDA 2015, 2017 WL 117652 (Pa. Super. Ct. Jan. 12, 2017).

[2] At the first Case Management Conference, which was held on June 29, 2016, the parties did not raise the choice-of-law issue. (*See* Docket No. 16).

IT IS FURTHER ORDERED that Chief Magistrate Judge Kelly's February 13, 2017, report and recommendation, (Docket No. [80]), is adopted as the opinion of the Court.

Finally, IT IS ORDERED that Defendants' Motion to Dismiss, (Docket No. [53]), is DENIED, without prejudice.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: March 31, 2017

cc/ecf: All counsel of record