**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FIRST CHOICE FEDERAL CREDIT UNION, AOD FEDERAL CREDIT UNION, TECH CREDIT UNION, VERIDIAN CREDIT UNION, SOUTH FLORIDA EDUCATIONAL FEDERAL CREDIT UNION, PREFERRED CREDIT UNION, ALCOA COMMUNITY FEDERAL CREDIT UNION, ASSOCIATED CREDIT UNION, CENTRUE BANK, ENVISTA CREDIT UNION, FIRST NBC BANK, ALIGN CREDIT UNION, NAVIGATOR CREDIT UNION, THE SEYMOUR BANK, FINANCIAL HORIZONS FEDERAL CREDIT UNION, NORTH JERSEY FEDERAL CREDIT UNION, NUSENDA CREDIT UNION, GREATER CINCINNATI CREDIT UNION, KEMBA FINANCIAL CREDIT UNION, WRIGHT-PATT CREDIT UNION, GREENVILLE HERITAGE CREDIT UNION and MEMBERS CHOICE CREDIT UNION, on Behalf of Themselves and All Others Similarly Situated, | Civil Action No. 2:16-cv-00506-NBF-MPK |
| and | **DEFENDANTS THE WENDY'S COMPANY, WENDY'S RESTAURANTS, LLC, AND WENDY'S INTERNATIONAL, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINT** |
| CREDIT UNION NATIONAL ASSOCIATION, GEORGIA CREDIT UNION AFFILIATES, INDIANA CREDIT UNION LEAGUE, MICHIGAN CREDIT UNION LEAGUE, and OHIOP CREDIT UNION LEAGUE, | |
| Plaintiffs, | |
| v. | |
| THE WENDY'S COMPANY, WENDY'S RESTAURANTS, LLC, and WENDY'S INTERNATIONAL, LLC, | |

Defendants The Wendy's Company, Wendy's Restaurants, LLC, and Wendy's International, LLC (collectively, "Wendy's")[1] files this Answer and Affirmative Defenses in response to the Plaintiffs' Consolidated Amended Class Action Complaint, ECF No. 32 (the "Complaint").

### ANSWER TO COMPLAINT'S INDIVIDUALLY NUMBERED PARAGRAPHS

In response to the allegations in the enumerated paragraphs in the Complaint,[2] Wendy's responds as follows:

**RESPONSE TO NO. 1.**

Wendy's denies the allegations in Paragraph 1 of the Complaint.

**RESPONSE TO NO. 2.**

Wendy's denies the allegations in Paragraph 2 of the Complaint.

**RESPONSE TO NO. 3.**

Wendy's denies the allegations in Paragraph 3 of the Complaint.

**RESPONSE TO NO. 4.**

Wendy's admits that it was first alerted to the possibility of a potential payment card issue in early January 2016.  Except as expressly admitted herein, Wendy's denies the remaining allegations of Paragraph 4 of the Complaint.

**RESPONSE TO NO. 5.**

Wendy's denies the allegations in Paragraph 5 of the Complaint.

---

[1] Quality Is Our Recipe, LLC is the owner and franchisor of the Wendy's® restaurant system in the United States.

[2] Wendy's denies any and all other allegations in the Complaint to the extent that they do not appear in one of the Complaint's specifically enumerated paragraphs.

**RESPONSE TO NO. 6.**

Wendy's denies the allegations in the first sentence of Paragraph 6 of the Complaint. Because the allegations in the remainder of Paragraph 6 of the Complaint merely purport to describe the content of Wendy's press releases, Wendy's states that the press releases are the best source of their full content and context and, to the extent the remaining allegations in Paragraph 6 of the Complaint do not represent the press releases' full content and context, Wendy's denies the remaining allegations in Paragraph 6 of the Complaint.

**RESPONSE TO NO. 7.**

Wendy's denies the allegations in Paragraph 7 of the Complaint, including the allegations in the corresponding footnote 1 of the Complaint.

**RESPONSE TO NO. 8.**

Wendy's denies the allegations in Paragraph 8 of the Complaint.

**RESPONSE TO NO. 9.**

Wendy's denies the allegations in Paragraph 9 of the Complaint.

**RESPONSE TO NO. 10.**

Wendy's denies the allegations in Paragraph 10 of the Complaint.

**RESPONSE TO NO. 11.**

Wendy's admits that Plaintiffs purport to bring this putative class action on behalf of financial institutions throughout the U.S. and that the Plaintiffs assert claims for negligence, negligence per se, violation of the Ohio Deceptive Trade Practices Act, Ohio Code §§ 4165.01, et seq., and declaratory and injunctive relief as alleged in Paragraph 11 of the Complaint, but denies that Plaintiffs' claims are suitable for class treatment, are viable claims, or are entitled to any relief.

Except as expressly admitted herein, Wendy's denies the allegations in Paragraph 11 of the Complaint.

**RESPONSE TO NO. 12.**

Wendy's admits that the Complaint purports to join "Association Plaintiffs" but denies that their "members were damaged by the Wendy's data breach."  Wendy's also admits that the "Association Plaintiffs" purport to seek only equitable, declaratory, and injunctive relief on behalf of their representative members and not as class representatives, but Wendy's denies that the Association Plaintiffs are entitled to any relief.  Except as expressly admitted herein, Wendy's denies the allegations in Paragraph 12 of the Complaint.

**RESPONSE TO NO. 13.**

Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in the first sentence of Paragraph 13 of the Complaint and, on that basis, denies them.  Wendy's denies the remaining allegations in Paragraph 13 of the Complaint.

**RESPONSE TO NO. 14.**

Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in the first sentence of Paragraph 14 of the Complaint and, on that basis, denies them.  Wendy's denies the remaining allegations in Paragraph 14 of the Complaint.

**RESPONSE TO NO. 15.**

Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in the first sentence of Paragraph 15 of the Complaint and, on that basis, denies them.  Wendy's denies the remaining allegations in Paragraph 15 of the Complaint.

**RESPONSE TO NO. 16.**

Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in the first sentence of Paragraph 16 of the Complaint and, on that basis, denies them. Wendy's denies the remaining allegations in Paragraph 16 of the Complaint.

**RESPONSE TO NO. 17.**

Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in the first sentence of Paragraph 17 of the Complaint and, on that basis, denies them. Wendy's denies the remaining allegations in Paragraph 17 of the Complaint.

**RESPONSE TO NO. 18.**

Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in the first sentence of Paragraph 18 of the Complaint and, on that basis, denies them. Wendy's denies the remaining allegations in Paragraph 18 of the Complaint.

**RESPONSE TO NO. 19.**

Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in the first sentence of Paragraph 19 of the Complaint and, on that basis, denies them. Wendy's denies the remaining allegations in Paragraph 19 of the Complaint.

**RESPONSE TO NO. 20.**

Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in the first sentence of Paragraph 20 of the Complaint and, on that basis, denies them. Wendy's denies the remaining allegations in Paragraph 20 of the Complaint.

**RESPONSE TO NO. 21.**

Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in the first sentence of Paragraph 21 of the Complaint and, on that basis, denies them. Wendy's denies the remaining allegations in Paragraph 21 of the Complaint.

**RESPONSE TO NO. 22.**

Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in the first sentence of Paragraph 22 of the Complaint and, on that basis, denies them. Wendy's denies the remaining allegations in Paragraph 22 of the Complaint.

**RESPONSE TO NO. 23.**

Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in the first sentence of Paragraph 23 of the Complaint and, on that basis, denies them. Wendy's denies the remaining allegations in Paragraph 23 of the Complaint.

**RESPONSE TO NO. 24.**

Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in the first sentence of Paragraph 24 of the Complaint and, on that basis, denies them. Wendy's denies the remaining allegations in Paragraph 24 of the Complaint.

**RESPONSE TO NO. 25.**

Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in the first sentence of Paragraph 25 of the Complaint and, on that basis, denies them. Wendy's denies the remaining allegations in Paragraph 25 of the Complaint.

**RESPONSE TO NO. 26.**

Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in the first sentence of Paragraph 26 of the Complaint and, on that basis, denies them. Wendy's denies the remaining allegations in Paragraph 26 of the Complaint.

**RESPONSE TO NO. 27.**

Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in the first sentence of Paragraph 27 of the Complaint and, on that basis, denies them. Wendy's denies the remaining allegations in Paragraph 27 of the Complaint.

**RESPONSE TO NO. 28.**

Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in the first sentence of Paragraph 28 of the Complaint and, on that basis, denies them. Wendy's denies the remaining allegations in Paragraph 28 of the Complaint.

**RESPONSE TO NO. 29.**

Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in the first sentence of Paragraph 29 of the Complaint and, on that basis, denies them. Wendy's denies the remaining allegations in Paragraph 29 of the Complaint.

**RESPONSE TO NO. 30.**

Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in the first sentence of Paragraph 30 of the Complaint and, on that basis, denies them. Wendy's denies the remaining allegations in Paragraph 30 of the Complaint.

**RESPONSE TO NO. 31.**

Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in the first sentence of Paragraph 31 of the Complaint and, on that basis, denies them. Wendy's denies the remaining allegations in Paragraph 31 of the Complaint.

**RESPONSE TO NO. 32.**

Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in the first sentence of Paragraph 32 of the Complaint and, on that basis, denies them. Wendy's denies the remaining allegations in Paragraph 32 of the Complaint.

**RESPONSE TO NO. 33.**

Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in the first sentence of Paragraph 33 of the Complaint and, on that basis, denies them. Wendy's denies the remaining allegations in Paragraph 33 of the Complaint.

**RESPONSE TO NO. 34.**

Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in the first sentence of Paragraph 34 of the Complaint and, on that basis, denies them. Wendy's denies the remaining allegations in Paragraph 34 of the Complaint.

**RESPONSE TO NO. 35.**

Wendy's denies the allegations in Paragraph 35 of the Complaint.

**RESPONSE TO NO. 36.**

The allegations in the fifth sentence of Paragraph 36 are vague and ambiguous, particularly the term "non-class." Wendy's therefore lacks sufficient information to form an opinion as to the truth of the allegations in the fifth sentence of Paragraph 36 of the Complaint and, on that basis denies them. Wendy's denies the remaining allegations in Paragraph 36 of the Complaint.

**RESPONSE TO NO. 37.**

Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in Paragraph 37 of the Complaint and, on that basis, denies them.

**RESPONSE TO NO. 38.**

Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in Paragraph 38 of the Complaint and, on that basis, denies them.

**RESPONSE TO NO. 39.**

Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in Paragraph 39 of the Complaint and, on that basis, denies them.

**RESPONSE TO NO. 40.**

Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in Paragraph 40 of the Complaint and, on that basis, denies them.

**RESPONSE TO NO. 41.**

Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in Paragraph 41 of the Complaint and, on that basis, denies them.

**RESPONSE TO NO. 42.**

Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in the first sentence of Paragraph 42 of the Complaint and, on that basis, denies them.  Wendy's denies the remaining allegations in Paragraph 42 of the Complaint.

**RESPONSE TO NO. 43.**

Wendy's admits the allegations in Paragraph 43 of the Complaint.

**RESPONSE TO NO. 44.**

Wendy's admits that Wendy's Restaurants, LLC is a Delaware limited liability company with its principal place of business in Dublin, Ohio, and that Wendy's Restaurants, LLC is a wholly owned subsidiary of The Wendy's Company.  Except as expressly admitted herein, Wendy's denies the allegations in Paragraph 44 of the Complaint.

**RESPONSE TO NO. 45.**

Wendy's admits the allegations in Paragraph 45 of the Complaint.

**RESPONSE TO NO. 46.**

Wendy's admits that Quality Is Our Recipe, LLC is primarily engaged in the business of operating, developing and franchising a system of distinctive quick-service restaurants serving high quality food.  Wendy's admits the allegations in the second sentence of Paragraph 46 of the Complaint.  Wendy's admits that for fiscal year ending January 3, 2016, Wendy's revenues totaled approximately $1.87 billion.  Except as expressly admitted herein, Wendy's denies the allegations in Paragraph 46 of the Complaint.

**RESPONSE TO NO. 47.**

Wendy's denies the allegations in Paragraph 47 of the Complaint.

**RESPONSE TO NO. 48.**

Because the allegations in Paragraph 48 of the Complaint merely purport to describe or quote the content of The Wendy's Company's securities filing, Wendy's states that the securities filing is the best source of its full content and context and, to the extent that the allegations in Paragraph 48 do not represent the securities filing's full content and context, Wendy's denies the allegations in Paragraph 48 of the Complaint.

**RESPONSE TO NO. 49.**

Because the allegations in Paragraph 49 of the Complaint merely purport to describe or quote the content of the DavCo lawsuit filings, Wendy's states that the DavCo lawsuit filings are the best source of their full content and context and, to the extent that the allegations in Paragraph 49 do not represent the DavCo lawsuit filings' full content and context, Wendy's denies the allegations in Paragraph 49 of the Complaint.  To the extent that Plaintiffs purport to incorporate by reference the exhibits attached to the Complaint as allegations in this litigation, Wendy's denies any such allegations.

**RESPONSE TO NO. 50.**

Wendy's denies the allegations in the first sentence of Paragraph 50 of the Complaint. Because the remaining allegations in Paragraph 50 of the Complaint merely purport to describe or quote the content of the DavCo lawsuit filings and/or a franchise agreement, Wendy's states that the DavCo lawsuit filings and/or franchise agreement are the best source of their full content and context and, to the extent that the remaining allegations in Paragraph 50 do not represent the DavCo lawsuit filings' and/or franchise agreement's full content and context, Wendy's denies the allegations in the second sentence of Paragraph 50 of the Complaint.  Wendy's denies any remaining allegations in Paragraph 50 of the Complaint.

**RESPONSE TO NO. 51.**

Because the allegations in Paragraph 51 of the Complaint assert legal conclusions, Wendy's is not required to respond and, on that basis, Wendy's denies the allegations set forth in Paragraph 51 of the Complaint.

**RESPONSE TO NO. 52.**

Because the allegations in Paragraph 52 of the Complaint assert legal conclusions, Wendy's is not required to respond and, on that basis, Wendy's denies the allegations set forth in Paragraph 52 of the Complaint.

**RESPONSE TO NO. 53.**

Wendy's denies that "Defendants have caused harm to Class members residing in this District." Because the remaining allegations of Paragraph 53 of the Complaint assert legal conclusions, Wendy's is not required to respond and, on that basis, Wendy's denies the allegations set forth in Paragraph 53 of the Complaint.

**RESPONSE TO NO. 54.**

Wendy's denies the heading immediately preceding Paragraph 54 of the Complaint. Wendy's admits that there have been reports of cyber-attacks at other companies related to payment card information, but Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in the first and second sentences of Paragraph 54 of the Complaint and, on that basis, denies them. Wendy's denies the remaining allegations of Paragraph 54 of the Complaint.

**RESPONSE TO NO. 55.**

The allegations in the first sentence of Paragraph 55 of the Complaint are vague and ambiguous, particularly the phrase "large portion." Wendy's therefore lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 55 of the Complaint and, on that basis, denies them. Wendy's admits that financial institutions that issue payment cards (often referred to as "Issuers") generally do so pursuant to contracts with the card brands such as Visa and MasterCard. The card brands generally contract with other

financial institutions that facilitate payment card transactions ("Acquirers"). Acquirers also contract with merchants that accept payment cards from their customers to pay for transactions. Except as expressly admitted herein, Wendy's denies the allegations in Paragraph 55 of the Complaint on the grounds that it lacks sufficient information to form a belief as to the truth of the allegations because the allegations are vague and generic. Further answering, Wendy's denies the allegation implicit in Paragraph 55 of the Complaint that Wendy's is the "merchant" in any transaction between a customer and a franchisee.

**RESPONSE TO NO. 56.**

The reference in Paragraph 56 to the "four major steps" is vague and ambiguous. Wendy's therefore lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint and, on that basis, denies them. Further answering, Wendy's denies the allegation implicit in Paragraph 56 of the Complaint that Wendy's is the "merchant" in any transaction between a customer and a franchisee.

**RESPONSE TO NO. 57.**

The allegations in Paragraph 57 of the Complaint are vague and ambiguous because they do not allege conduct by Wendy's but refer instead to "merchants" generally. The allegations in Paragraph 57 of the Complaint are also vague and ambiguous because they refer to information "typically" stored by unidentified "merchants," as well as unidentified "other reasons" merchants "may" collect "other" information. Thus, Wendy's lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint and, on that basis, denies them.

**RESPONSE TO NO. 58.**

Wendy's admits that it uses certain information collected from customers to accept payment card transactions in connection with its sales to customers and other uses consistent with its Information Security Policy.  Except as expressly admitted herein, Wendy's denies the allegations in Paragraph 58 of the Complaint.

**RESPONSE TO NO. 59.**

Wendy's admits that certain customer information is sensitive but denies the remaining allegations in Paragraph 59 of the Complaint.

**RESPONSE TO NO. 60.**

Wendy's denies the allegations in Paragraph 60 of the Complaint.

**RESPONSE TO NO. 61.**

Wendy's denies that it owes the Plaintiffs any legal duty alleged in the Complaint.  The allegations in Paragraph 61 of the Complaint are also vague and ambiguous because they refer to a non-exhaustive list, including unidentified "industry standards" and unidentified federal law. Wendy's therefore lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in Paragraph 61 of the Complaint and, on that additional basis, denies them. Wendy's denies any remaining allegations of Paragraph 61 of the Complaint.

**RESPONSE TO NO. 62.**

Wendy's denies the heading immediately preceding Paragraph 62 of the Complaint. Wendy's denies the allegations in Paragraph 62 of the Complaint.

**RESPONSE TO NO. 63.**

Wendy's denies the allegations in Paragraph 63 of the Complaint.  Moreover, Wendy's lacks sufficient information to form an opinion as to whether the unidentified purported former

employees made the statements alleged in Paragraph 63 of the Complaint and, on that additional basis, denies them.

**RESPONSE TO NO. 64.**

Wendy's denies the allegations in the first sentence of Paragraph 64 of the Complaint. Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the remaining allegations in Paragraph 64 of the Complaint and, on that basis, denies them.

**RESPONSE TO NO. 65.**

Wendy's admits that in late January 2016, it reported that it was investigating "unusual activity" and that "it is difficult to determine with certainty the nature or scope of any potential incident." Except as expressly admitted herein, Wendy's denies the allegations in Paragraph 65 of the Complaint.

**RESPONSE TO NO. 66.**

Wendy's denies the allegations in Paragraph 66 of the Complaint.

**RESPONSE TO NO. 67.**

Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in Paragraph 67 of the Complaint and, on that basis, denies them.

**RESPONSE TO NO. 68.**

Because the allegations in Paragraph 68 of the Complaint purport to describe or quote the content of a 10-K filing, Wendy's states that the 10-K filing is the best source of its full content and context and, to the extent the allegations in Paragraph 68 do not represent the 10-K filing's full content and context, Wendy's denies the allegations. Wendy's denies any remaining allegations in Paragraph 68 of the Complaint.

**RESPONSE TO NO. 69.**

Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in Paragraph 69 of the Complaint and, on that basis, denies them.

**RESPONSE TO NO. 70.**

Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in Paragraph 70 of the Complaint and, on that basis, denies them.

**RESPONSE TO NO. 71.**

Wendy's admits that it issued a press release on May 11, 2016 on Form 8-K.  Wendy's denies the allegations in the second sentence of Paragraph 71 of the Complaint.  Because the allegations in the third sentence of Paragraph 71 merely purport to describe or quote the content of a Form 8-K, Wendy's states that the Form 8-K is the best source of its full content and context and, to the extent the allegations in the third sentence of Paragraph 71 do not represent the Form 8-K's full content and context, Wendy's denies the allegations.  Wendy's denies the allegations in the final sentence of Paragraph 71 as well as any remaining allegations in Paragraph 71 of the Complaint.

**RESPONSE TO NO. 72.**

Wendy's admits that it issued a press release on June 9, 2016 on Form 8-K.  Wendy's denies the allegations in the second sentence of Paragraph 72 of the Complaint.  Because the remaining allegations in Paragraph 72 merely purport to describe or quote the content of a Form 8-K, Wendy's states that the Form 8-K is the best source of its full content and context and, to the extent the allegations in Paragraph 72 do not represent the Form 8-K's full content and context, Wendy's denies the allegations.

**RESPONSE TO NO. 73.**

Wendy's denies the allegations in Paragraph 73 of the Complaint.

**RESPONSE TO NO. 74.**

Because the allegations in Paragraph 74 merely purport to describe or quote the content of a press release, Wendy's states that the press release is the best source of its full content and context and, to the extent the allegations in Paragraph 74 do not represent the press release's full content and context, Wendy's denies the allegations. Wendy's denies any remaining allegations in Paragraph 74 of the Complaint.

**RESPONSE TO NO. 75.**

Wendy's admits that in its July 7, 2016 Press Release it stated that: "The Company believes the criminal cyberattacks resulted from service providers' remote access credentials being compromised, allowing access – and the ability to deploy malware – to some franchisees' point of sale systems." Wendy's also admits that in its July 7, 2016 Press Release it stated that "[t]he investigation has confirmed that criminals used malware believed to have been effectively deployed on some Wendy's franchisee systems starting in late fall 2015." Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in the second sentence of Paragraph 75 of the Complaint and, on that basis, denies those allegations. Except as expressly admitted herein, Wendy's denies the allegations in Paragraph 75 of the Complaint.

**RESPONSE TO NO. 76.**

Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in Paragraph 76 of the Complaint and, on that basis, denies them.

**RESPONSE TO NO. 77.**

Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in Paragraph 77 of the Complaint purporting to summarize and describe a third-party internet news article and, on that basis, denies the allegations in Paragraph 77 of the Complaint.

**RESPONSE TO NO. 78.**

Wendy's denies the allegations in Paragraph 78 of the Complaint.

**RESPONSE TO NO. 79.**

Wendy's denies the allegations in Paragraph 79 of the Complaint, including all subparts thereto.

**RESPONSE TO NO. 80.**

Wendy's denies the two headings immediately preceding Paragraph 80 of the Complaint. Wendy's denies the allegations in Paragraph 80 of the Complaint.

**RESPONSE TO NO. 81.**

Wendy's denies the allegations in Paragraph 81 of the Complaint.  Moreover, Wendy's lacks sufficient information or knowledge to form an opinion as to whether the unidentified purported Senior Engineer 2 made the statements alleged in Paragraph 81 of the Complaint and, on that additional basis, denies them.

**RESPONSE TO NO. 82.**

Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in the first sentence of Paragraph 82 of the Complaint purporting to describe an unidentified "Senior Engineer 2" and, on that basis, denies the allegations in the first sentence of Paragraph 82 of the Complaint.   Wendy's denies the allegations in the second sentence of

Paragraph 82 of the Complaint.  Moreover, Wendy's lacks sufficient information or knowledge to form an opinion as to whether the unidentified purported Senior Engineer 2 made the statements alleged in Paragraph 82 of the Complaint and, on that additional basis, denies them.  Wendy's denies all remaining allegations in Paragraph 82 of the Complaint.

**RESPONSE TO NO. 83.**

Wendy's denies the allegations in Paragraph 83 of the Complaint.  Moreover, Wendy's lacks sufficient information or knowledge to form an opinion as to whether the unidentified purported Senior Engineer 2 made the statements alleged in Paragraph 83 of the Complaint and, on that additional basis, denies them.

**RESPONSE TO NO. 84.**

Wendy's denies the allegations in Paragraph 84 of the Complaint.  Moreover, Wendy's lacks sufficient information or knowledge to form an opinion as to whether the unidentified purported Senior Engineer 2 made the statements alleged in Paragraph 84 of the Complaint and, on that additional basis, denies them.

**RESPONSE TO NO. 85.**

Wendy's admits that it was aware of news reports of the Target and Home Depot data breaches.  Wendy's lacks sufficient information to form an opinion as to the truth of the remaining allegations of Paragraph 85 of the Complaint and, on that basis, denies them.  Except as expressly admitted herein, Wendy's denies any remaining allegations of Paragraph 85 of the Complaint.  Wendy's denies any remaining allegations in Paragraph 85 of the Complaint.

**RESPONSE TO NO. 86.**

Because the allegations in Paragraph 86 of the Complaint merely purport to describe and/or quote the content of a Visa Security Alert, Wendy's states that the Visa Security Alert is the best

source of its full content and context and, to the extent the allegations in Paragraph 86 do not represent the Visa Security Alert's full content and context, Wendy's denies the allegations. Wendy's denies any remaining allegations in Paragraph 86 of the Complaint.

**RESPONSE TO NO. 87.**

Because the allegations in Paragraph 87 of the Complaint merely purport to describe and/or quote the content of a Visa Security Alert, Wendy's states that the Visa Security Alert is the best source of its full content and context and, to the extent the allegations in Paragraph 87 do not represent the Visa Security Alert's full content and context, Wendy's denies the allegations.

**RESPONSE TO NO. 88.**

Wendy's denies the allegations in the first and second sentences of Paragraph 88 of the Complaint.  Because the remaining allegations in Paragraph 88 purport to describe or quote the content of a Form 10-K, Wendy's states that the Form 10-K is the best source of its full content and context and, to the extent the remaining allegations in Paragraph 88 do not represent the Form 10-K's full content and context, Wendy's denies the allegations.  Wendy's denies any remaining allegations in Paragraph 88 of the Complaint.

**RESPONSE TO NO. 89.**

Because the allegations in Paragraph 89 purport to describe or quote the content of a Form 10-K, Wendy's states that the Form 10-K is the best source of its full content and context and, to the extent the allegations in Paragraph 89 do not represent the Form 10-K's full content and context, Wendy's denies the allegations.  Wendy's denies all remaining allegations in Paragraph 89 of the Complaint.

**RESPONSE TO NO. 90.**

Wendy's denies the allegations in Paragraph 90 of the Complaint.

**RESPONSE TO NO. 91.**

Wendy's denies the heading immediately preceding Paragraph 91 of the Complaint. Wendy's denies the allegations in Paragraph 91 of the Complaint.

**RESPONSE TO NO. 92.**

Wendy's denies the allegations in the first sentence of Paragraph 92 of the Complaint. Wendy's admits the allegations in the second sentence of Paragraph 92 of the Complaint.

**RESPONSE TO NO. 93.**

Wendy's admits that in October 2012, Wendy's formally announced plans to implement NCR's Aloha as the required point-of-sale platform for the entire Wendy's restaurant system in the United States and Canada.  Wendy's denies any remaining allegations in Paragraph 93 of the Complaint.

**RESPONSE TO NO. 94.**

Wendy's denies the allegations in Paragraph 94 of the Complaint.

**RESPONSE TO NO. 95.**

Wendy's denies the allegations in Paragraph 95 of the Complaint.

**RESPONSE TO NO. 96.**

Wendy's denies the allegations in the first sentence of Paragraph 96 of the Complaint. Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the remaining allegations in Paragraph 96 of the Complaint and, on that basis, denies them.

**RESPONSE TO NO. 97.**

Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in Paragraph 97 of the Complaint and, on that basis, denies them.

**RESPONSE TO NO. 98.**

Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in Paragraph 98 of the Complaint and, on that basis, denies them.

**RESPONSE TO NO. 99.**

Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in Paragraph 99 of the Complaint and, on that basis, denies them.

**RESPONSE TO NO. 100.**

Wendy's denies the heading immediately preceding Paragraph 100 of the Complaint. Wendy's denies the allegations in Paragraph 100 of the Complaint.

**RESPONSE TO NO. 101.**

Wendy's denies the allegations in Paragraph 101 of the Complaint.

**RESPONSE TO NO. 102.**

Wendy's denies the allegations in Paragraph 102 of the Complaint. Moreover, Wendy's lacks sufficient information or knowledge to form an opinion as to whether the unidentified purported Tech Solutions Employee 1 made the statements alleged in Paragraph 102 of the Complaint and, on that additional basis, denies them.

**RESPONSE TO NO. 103.**

Wendy's denies the allegations in Paragraph 103 of the Complaint. Moreover, Wendy's lacks sufficient information or knowledge to form an opinion as to whether the unidentified purported Help Desk Specialist made the statements alleged in Paragraph 103 of the Complaint and, on that additional basis, denies them.

**RESPONSE TO NO. 104.**

Wendy's admits updates to the Aloha POS System were issued on a weekly or monthly basis. Wendy's denies the remaining allegations in Paragraph 104 of the Complaint. Moreover, Wendy's lacks sufficient information or knowledge to form an opinion as to whether the unidentified purported Help Desk Specialist made the statements alleged in Paragraph 104 of the Complaint and, on that additional basis, denies them.

**RESPONSE TO NO. 105.**

Wendy's denies the allegations in Paragraph 105 of the Complaint. Moreover, Wendy's lacks sufficient information or knowledge to form an opinion as to whether the unidentified purported Help Desk Specialist made the statements alleged in Paragraph 105 of the Complaint and, on that additional basis, denies them.

**RESPONSE TO NO. 106.**

Wendy's denies the allegations in Paragraph 106 of the Complaint. Moreover, Wendy's lacks sufficient information to form an opinion as to whether the unidentified purported Help Desk Specialist made the statements alleged in Paragraph 106 of the Complaint and, on that additional basis, denies them.

**RESPONSE TO NO. 107.**

Wendy's denies the allegations in Paragraph 107 of the Complaint. Moreover, Wendy's lacks sufficient information or knowledge to form an opinion as to whether the unidentified purported Help Desk Specialist and Tech Solutions Employee 2 made the statements alleged in Paragraph 107 of the Complaint and, on that additional basis, denies them.

**RESPONSE TO NO. 108.**

Wendy's denies the heading immediately preceding Paragraph 108 of the Complaint. Wendy's denies the allegations in Paragraph 108 of the Complaint.  Moreover, Wendy's lacks sufficient information or knowledge to form an opinion as to whether the unidentified purported Help Desk Specialist and Senior Engineer 2 made the statements alleged in Paragraph 108 of the Complaint and, on that additional basis, denies them.

**RESPONSE TO NO. 109.**

Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in the first sentence of Paragraph 109 of the Complaint and, on that basis, denies them.  Wendy's denies that its Aloha POS utilized an outdated and/or unsupported version of Windows and denies any remaining allegations in Paragraph 109 of the Complaint.

**RESPONSE TO NO. 110.**

Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in Paragraph 110 of the Complaint and, on that basis, denies them.

**RESPONSE TO NO. 111.**

Wendy's denies the allegations in Paragraph 111 of the Complaint.

**RESPONSE TO NO. 112.**

Wendy's denies the heading immediately preceding Paragraph 112 of the Complaint. Wendy's denies the allegations in Paragraph 112 of the Complaint.  Moreover, Wendy's lacks sufficient or knowledge to form an opinion as to whether the unidentified purported System Admin made the statements alleged in Paragraph 112 of the Complaint and, on that additional basis, denies them.

**RESPONSE TO NO. 113.**

Wendy's denies the allegations in the first sentence of Paragraph 113 of the Complaint. Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in the second sentence of Paragraph 113 of the Complaint and, on that basis, denies them. Wendy's denies the remaining allegations of Paragraph 113 of the Complaint. Moreover, Wendy's lacks sufficient information or knowledge to form an opinion as to whether the unidentified purported System Admin made the statements alleged in Paragraph 113 of the Complaint and, on that additional basis, denies them.

**RESPONSE TO NO. 114.**

Wendy's denies the allegations in the first sentence of Paragraph 114 of the Complaint. Because the allegations in the second and third sentences of Paragraph 114 merely purport to describe and/or quote the content of a Visa Security Alert, Wendy's states that the Visa Security Alert is the best source of its full content and context and, to the extent the allegations in Paragraph 114 do not represent the Visa Security Alert's full content and context, Wendy's denies the allegations in the second and third sentences of Paragraph 114 of the Complaint. Wendy's denies the allegations in the final sentence of Paragraph 114 of the Complaint, as well as any remaining allegations in Paragraph 114 of the Complaint.

**RESPONSE TO NO. 115.**

Wendy's denies the allegations in Paragraph 115 of the Complaint. Moreover, Wendy's lacks sufficient information or knowledge to form an opinion as to whether the unidentified purported System Admin made the statements alleged in Paragraph 115 of the Complaint and, on that additional basis, denies them.

**RESPONSE TO NO. 116.**

Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in the first sentence of Paragraph 116 of the Complaint and, on that basis, denies them. Wendy's denies the remaining allegations in Paragraph 116 of the Complaint. Moreover, Wendy's lacks sufficient information or knowledge to form an opinion as to whether the unidentified purported System Admin made the statements alleged in Paragraph 116 of the Complaint and, on that additional basis, denies them.

**RESPONSE TO NO. 117.**

Wendy's denies the allegations in Paragraph 117 of the Complaint. Moreover, Wendy's lacks sufficient information or knowledge to form an opinion as to whether the unidentified purported Senior Engineer 1 made the statements alleged in Paragraph 117 of the Complaint and, on that additional basis, denies them.

**RESPONSE TO NO. 118.**

Wendy's admits that NCR's Command Center allowed Wendy's certain access to the Aloha POS systems of Wendy's franchise and corporate restaurants. The allegations in the third sentence of Paragraph 118 of the Complaint are vague and ambiguous. Therefore, Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in the third sentence of Paragraph 118 of the Complaint and, on that basis, denies them. Except as expressly admitted herein, Wendy's denies all remaining allegations of Paragraph 118 of the Complaint. Moreover, Wendy's lacks sufficient information or knowledge to form an opinion as to whether the unidentified purported Senior Engineer 1 made the statements alleged in Paragraph 118 of the Complaint and, on that additional basis, denies them.

**RESPONSE TO NO. 119.**

Wendy's denies the heading immediately preceding Paragraph 119 of the Complaint. Wendy's denies the allegations in Paragraph 119 of the Complaint.

**RESPONSE TO NO. 120.**

The allegations in the first sentence of Paragraph 120 of the Complaint are vague and ambiguous because they purport to refer generally to "software hardening" and to a generic "company." Wendy's therefore lacks sufficient information or knowledge to admit or deny the allegations in the first sentence of Paragraph 120 of the Complaint and, on that basis, denies them. Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in the second sentence of Paragraph 120 of the Complaint and, on that basis, denies them. Wendy's denies the allegations in the third, fourth, and final sentences of Paragraph 120 of the Complaint. Moreover, Wendy's lacks sufficient information and knowledge to form an opinion as to whether the unidentified purported Senior Engineer 1 made the statements alleged in Paragraph 120 of the Complaint and, on that additional basis, denies them. Wendy's denies all remaining allegations of Paragraph 120 of the Complaint.

**RESPONSE TO NO. 121.**

Wendy's denies the allegations in the first and final sentences of Paragraph 121 of the Complaint. Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in the second sentence of Paragraph 121 of the Complaint and, on that basis, denies them. Moreover, Wendy's lacks sufficient information to form an opinion as to whether the unidentified purported Senior Engineer 1 made the statements alleged in Paragraph 121 of the Complaint and, on that additional basis, denies them. Wendy's denies any remaining allegations in Paragraph 121 of the Complaint.

**RESPONSE TO NO. 122.**

Wendy's denies the allegations in Paragraph 122 of the Complaint.  Moreover, Wendy's lacks sufficient information or knowledge to form an opinion as to whether the unidentified purported Senior Engineer 1 and Senior Engineer 2 made the statements alleged in Paragraph 122 of the Complaint and, on that additional basis, denies them.

**RESPONSE TO NO. 123.**

Wendy's denies the allegations in Paragraph 123 of the Complaint.  Moreover, Wendy's lacks sufficient information or knowledge to form an opinion as to whether the unidentified purported Senior Engineer 1 made the statements alleged in Paragraph 123 of the Complaint and, on that additional basis, denies them.

**RESPONSE TO NO. 124.**

Wendy's denies the allegations in Paragraph 124 of the Complaint.  Moreover, Wendy's lacks sufficient information or knowledge to form an opinion as to whether the unidentified purported Senior Engineer 1 made the statements alleged in Paragraph 124 of the Complaint and, on that additional basis, denies them.

**RESPONSE TO NO. 125.**

Wendy's denies the allegations in Paragraph 125 of the Complaint.  Moreover, Wendy's lacks sufficient information or knowledge to form an opinion as to whether the unidentified purported Senior Engineer 2 made the statements alleged in Paragraph 125 of the Complaint and, on that additional basis, denies them.

**RESPONSE TO NO. 126.**

Wendy's denies the heading immediately preceding Paragraph 126 of the Complaint. Wendy's denies the allegations in the first sentence of Paragraph 126 of the Complaint.  Wendy's

lacks sufficient information or knowledge to form an opinion as to the truth of the remaining allegations in Paragraph 126 of the Complaint and, on that basis, denies them.

**RESPONSE TO NO. 127.**

Wendy's denies the allegations in Paragraph 127 of the Complaint.

**RESPONSE TO NO. 128.**

Wendy's denies the heading immediately preceding Paragraph 128 of the Complaint. Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in the first sentence of Paragraph 128 of the Complaint and, on that basis, denies them. The remaining allegations purporting to describe EMV technology are vague and ambiguous. Wendy's therefore lacks sufficient information or knowledge to form an opinion as to the truth of the remaining allegations in Paragraph 128 and, on that basis, denies them. Wendy's denies any remaining allegations in Paragraph 128 of the Complaint.

**RESPONSE TO NO. 129.**

Wendy's denies the allegations in Paragraph 129 of the Complaint.

**RESPONSE TO NO. 130.**

Wendy's denies the allegations in Paragraph 130 of the Complaint.

**RESPONSE TO NO. 131.**

Wendy's denies all headings immediately preceding Paragraph 131 of the Complaint. Wendy's denies the allegations in Paragraph 131 of the Complaint.

**RESPONSE TO NO. 132.**

Wendy's admits that the Payment Card Industry Security Standards Council promulgates the Payment Card Industry Data Security Standards, but Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the remaining allegations in the first and second

sentences of Paragraph 132 and, on that basis, denies them.  Wendy's denies the allegations in the final sentence of Paragraph 132 on the grounds that PCI DSS are highly detailed and extensive, speak for themselves, and are not accurately paraphrased, altered, and/or excerpted by Plaintiffs. Except as expressly admitted, Wendy's denies the allegations in Paragraph 132 of the Complaint.

**RESPONSE TO NO. 133.**

To the extent that the allegations in Paragraph 133 of the Complaint merely purport to describe and quote PCI DSS v3.1 as applied to merchants.  Wendy's states that PCI DSS v3.1 is the best source of its full content and context and, to the extent the allegations in Paragraph 133 do not represent its full content and context, Wendy's denies the allegations in Paragraph 133 of the Complaint.  Wendy's denies the allegations in the final sentence of Paragraph 133.  Wendy's denies any remaining allegations in Paragraph 133 of the Complaint.

**RESPONSE TO NO. 134.**

Wendy's denies the allegations in Paragraph 134 of the Complaint.

**RESPONSE TO NO. 135.**

Wendy's denies the heading immediately preceding Paragraph 135 of the Complaint. Because the allegations in Paragraph 135 of the Complaint assert legal conclusions, Wendy's is not required to respond and, on that basis, Wendy's denies the allegations in Paragraph 135 of the Complaint.

**RESPONSE TO NO. 136.**

Because the allegations in Paragraph 136 merely purport to describe or quote a portion of the FTC's published guidelines, Wendy's states that the FTC's published guidelines are the best source of its full content and context and, to the extent the allegations in Paragraph 136 do not

represent the FTC's published guidelines full content and context, Wendy's denies the allegations. Wendy's denies any remaining allegations in Paragraph 136 of the Complaint.

**RESPONSE TO NO. 137.**

Because the allegations in Paragraph 137 merely purport to describe or quote a portion of FTC Facts for Business, Wendy's states that FTC Facts for Business is the best source of its full content and context and, to the extent the allegations in Paragraph 137 do not represent FTC Facts for Business's full content and context, Wendy's denies the allegations.  Wendy's denies any remaining allegations in Paragraph 137 of the Complaint.

**RESPONSE TO NO. 138.**

Because the allegations in Paragraph 138 merely purport to describe or quote a portion of unidentified FTC orders, Wendy's lacks sufficient information to form an opinion as to the truth of the allegations in Paragraph 138 of the Complaint and, on that basis, denies them.

**RESPONSE TO NO. 139.**

Wendy's denies the allegations in Paragraph 139 of the Complaint.

**RESPONSE TO NO. 140.**

Wendy's denies the heading immediately preceding Paragraph 140 of the Complaint. Because the allegations in Paragraph 140 of the Complaint merely purport to describe Wendy's policies and procedures, Wendy's states that those policies and procedures are the best source of their full content and context and, to the extent the allegations in Paragraph 140 do not represent those policies' and procedures' full content and context, Wendy's denies the allegations.

**RESPONSE TO NO. 141.**

Wendy's denies the allegations in Paragraph 141 of the Complaint.

**RESPONSE TO NO. 142.**

Because the allegations in Paragraph 142 merely purport to describe or quote a portion of Code of Business Conduct and Ethics ("Code"), Wendy's states that Code is the best source of its full content and context and, to the extent the allegations in Paragraph 142 do not represent Code's full content and context, Wendy's denies the allegations. Wendy's denies any remaining allegations in Paragraph 142 of the Complaint.

**RESPONSE TO NO. 143.**

Wendy's denies the allegations in Paragraph 143 of the Complaint.

**RESPONSE TO NO. 144.**

Wendy's denies the heading immediately preceding Paragraph 144 of the Complaint. Wendy's denies the allegations in Paragraph 144 of the Complaint.

**RESPONSE TO NO. 145.**

Wendy's denies the allegations in Paragraph 145 of the Complaint.

**RESPONSE TO NO. 146.**

Wendy's denies the allegations in Paragraph 146 of the Complaint.

**RESPONSE TO NO. 147.**

Wendy's denies the allegations in Paragraph 147 of the Complaint.

**RESPONSE TO NO. 148.**

Wendy's denies the allegations in Paragraph 148 of the Complaint.

**RESPONSE TO NO. 149.**

Wendy's admits that Plaintiffs purport to bring this action on behalf of the proposed class as defined in Paragraph 149 of the Complaint. Wendy's denies that this action (including any proposed putative class) satisfies the requirements for class certification, including the

requirements of Federal Rule of Civil Procedure 23.  Except as expressly admitted herein, Wendy's denies the allegations in Paragraph 149 of the Complaint.

**RESPONSE TO NO. 150.**

Wendy's admits that Plaintiffs purport to exclude certain entities and individuals from the purported class identified in Paragraph 149 of the Complaint.  Except as expressly admitted herein, Wendy's denies the allegations in Paragraph 150 of the Complaint.

**RESPONSE TO NO. 151.**

Wendy's denies the allegations in Paragraph 151 of the Complaint.

**RESPONSE TO NO. 152.**

Wendy's denies the allegations in Paragraph 152 of the Complaint.

**RESPONSE TO NO. 153.**

Wendy's denies the allegations in Paragraph 153 of the Complaint, including all subparts thereto.

**RESPONSE TO NO. 154.**

Wendy's denies the allegations in Paragraph 154 of the Complaint.

**RESPONSE TO NO. 155.**

Wendy's denies the allegations in Paragraph 155 of the Complaint.

**RESPONSE TO NO. 156.**

Wendy's denies the allegations in Paragraph 156 of the Complaint.

**RESPONSE TO NO. 157.**

Wendy's denies the allegations in Paragraph 157 of the Complaint.

**RESPONSE TO NO. 158.**

Wendy's denies the allegations in Paragraph 158 of the Complaint.

**RESPONSE TO NO. 159.**

Wendy's denies the allegations in first sentence of Paragraph 159 of the Complaint. Because the remaining allegations in Paragraph 159 of the Complaint merely purport to describe or quote the content of the DavCo lawsuit filings, Wendy's states that the DavCo lawsuit filings are the best source of their full content and context and, to the extent that the allegations in Paragraph 159 do not represent the DavCo lawsuit filings full content and context, Wendy's denies the allegations in Paragraph 159 of the Complaint.

**RESPONSE TO NO. 160.**

Wendy's denies the allegations in Paragraph 160 of the Complaint.

**RESPONSE TO NO. 161.**

Wendy's denies the allegations in Paragraph 161 of the Complaint.

**RESPONSE TO NO. 162.**

Wendy's denies the allegations in Paragraph 162 of the Complaint.

**RESPONSE TO NO. 163.**

Wendy's denies the allegations in Paragraph 163 of the Complaint.

**RESPONSE TO NO. 164.**

Wendy's denies all headings immediately preceding Paragraph 164 of the Complaint. Wendy's incorporates and restates its responses to all preceding allegations as though fully set forth herein.

**RESPONSE TO NO. 165.**

Wendy's denies the allegations in Paragraph 165 of the Complaint.

**RESPONSE TO NO. 166.**

Wendy's denies the allegations in Paragraph 166 of the Complaint.

**RESPONSE TO NO. 167.**

Wendy's denies the allegations in Paragraph 167 of the Complaint.

**RESPONSE TO NO. 168.**

Wendy's denies the allegations in Paragraph 168 of the Complaint.

**RESPONSE TO NO. 169.**

Wendy's denies the allegations in Paragraph 169 of the Complaint.

**RESPONSE TO NO. 170.**

Wendy's denies the allegations in Paragraph 170 of the Complaint.

**RESPONSE TO NO. 171.**

Wendy's denies the allegations in Paragraph 171 of the Complaint, including all subparts thereto.

**RESPONSE TO NO. 172.**

Wendy's denies the allegations in Paragraph 172 of the Complaint.

**RESPONSE TO NO. 173.**

Wendy's denies the allegations in Paragraph 173 of the Complaint.

**RESPONSE TO NO. 174.**

Wendy's denies all headings immediately preceding Paragraph 174 of the Complaint. Wendy's incorporates and restates its responses to all preceding allegations as though fully set forth herein.

**RESPONSE TO NO. 175.**

Wendy's denies the allegations in Paragraph 175 of the Complaint.

**RESPONSE TO NO. 176.**

Wendy's denies the allegations in Paragraph 176 of the Complaint.

**RESPONSE TO NO. 177.**

Wendy's denies the allegations in Paragraph 177 of the Complaint.

**RESPONSE TO NO. 178.**

Wendy's denies the allegations in Paragraph 178 of the Complaint.

**RESPONSE TO NO. 179.**

Wendy's denies the allegations in Paragraph 179 of the Complaint.

**RESPONSE TO NO. 180.**

Wendy's denies the allegations in Paragraph 180 of the Complaint.

**RESPONSE TO NO. 181.**

Wendy's denies all headings immediately preceding Paragraph 181 of the Complaint. Wendy's incorporates and restates its responses to all preceding allegations as though fully set forth herein.

**RESPONSE TO NO. 182.**

Wendy's denies the allegations in Paragraph 182 of the Complaint.

**RESPONSE TO NO. 183.**

Wendy's denies the allegations in Paragraph 183 of the Complaint.

**RESPONSE TO NO. 184.**

Because the allegations in Paragraph 184 of the Complaint assert legal conclusions, Wendy's is not required to respond and, on that basis, Wendy's denies the allegations set forth in Paragraph 184.

**RESPONSE TO NO. 185.**

Wendy's denies the allegations in Paragraph 185 of the Complaint.

**RESPONSE TO NO. 186.**

Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in the first sentence of Paragraph 186 of the Complaint and, on that basis, denies them. Wendy's denies the remaining allegations of Paragraph 186 of the Complaint.

**RESPONSE TO NO. 187.**

Wendy's denies the allegations in Paragraph 187 of the Complaint.

**RESPONSE TO NO. 188.**

Wendy's denies the allegations in Paragraph 188 of the Complaint.

**RESPONSE TO NO. 189.**

Because the allegations in the Paragraph 189 merely purport to describe or quote statements Wendy's made to the SEC ("SEC disclosure") Wendy's states that SEC disclosure is the best source of its full content and context and, to the extent the allegations in Paragraph 189 do not represent the SEC disclosure's full content and context, Wendy's denies the allegations. Wendy's denies any remaining allegations in Paragraph 189 of the Complaint.

**RESPONSE TO NO. 190.**

Wendy's denies the allegations in Paragraph 190 of the Complaint.

**RESPONSE TO NO. 191.**

Wendy's denies the allegations in Paragraph 191 of the Complaint.

**RESPONSE TO NO. 192.**

Wendy's denies the allegations in Paragraph 192 of the Complaint.

**RESPONSE TO NO. 193.**

Wendy's denies the allegations in Paragraph 193 of the Complaint.

**RESPONSE TO NO. 194.**

Wendy's denies the allegations in Paragraph 194 of the Complaint.

**RESPONSE TO NO. 195.**

Wendy's denies the allegations in Paragraph 195 of the Complaint.

**RESPONSE TO NO. 196.**

Wendy's denies the allegations in Paragraph 196 of the Complaint.

**RESPONSE TO NO. 197.**

Wendy's denies the allegations in Paragraph 197 of the Complaint.

**RESPONSE TO NO. 198.**

Wendy's denies the allegations in Paragraph 198 of the Complaint.

**RESPONSE TO NO. 199.**

Wendy's denies the allegations in Paragraph 199 of the Complaint.

**RESPONSE TO NO. 200.**

Wendy's admits that Plaintiffs purport to identify the relief they seek in Paragraph 200 of the Complaint.  Wendy's denies that it has engaged in any "unfair or deceptive acts or practices" and further denies that Plaintiffs are entitled to any relief, including the relief requested in Paragraph 200 of the Complaint.  Wendy's denies any remaining allegations in Paragraph 200 of the Complaint.

**RESPONSE TO NO. 200(1)[3]**

Wendy's denies the allegations in Paragraph 200(1) of the Complaint.  Wendy's incorporates and restates its responses to all preceding allegations as though fully set forth herein.

---

[3] The Complaint mistakenly includes two paragraphs both identified as Paragraph 200.  For purposes of Wendy's Answer and Affirmative Defenses, Paragraph 200(1) refers to the allegations in the second such "Paragraph 200" located on page 60 of the Complaint.

**RESPONSE TO NO. 201.**

The allegations in the first sentence of Paragraph 201 of the Complaint merely purport to describe the Court's authority under the Declaratory Judgment Act.  As a result, the allegations in Paragraph 201 amount to a legal conclusion for which no response is required, and Wendy's therefore denies the allegations in the first sentence of Paragraph 201 on those grounds.  Wendy's denies the allegations in the second sentence of Paragraph 201 of the Complaint.  Wendy's denies that Plaintiffs are entitled to any relief, including any relief under the Declaratory Judgment Act.

**RESPONSE TO NO. 202.**

Because the allegations in the first sentence of Paragraph 182 of the Complaint assert legal conclusions, Wendy's is not required to respond and, on that basis, Wendy's denies the allegations set forth in the first sentence of Paragraph 202.  Wendy's admits that it denies Plaintiffs' allegations, among others, that "Wendy's data security measures were inadequate and remain inadequate."  Wendy's denies all remaining allegations in Paragraph 202 of the Complaint.

**RESPONSE TO NO. 203.**

Wendy's denies the allegations in Paragraph 203 of the Complaint, including all subparts thereto.  Wendy's further denies that Plaintiffs are entitled to any relief.

**RESPONSE TO NO. 204.**

Wendy's denies the allegations in Paragraph 204 of the Complaint, including all subparts thereto.  Wendy's further denies that Plaintiffs are entitled to any relief.

**RESPONSE TO NO. 205.**

Wendy's denies the allegations in Paragraph 205 of the Complaint, including all subparts thereto.  Wendy's further denies that Plaintiffs are entitled to any relief.

**RESPONSE TO NO. 206.**

Wendy's denies the allegations in Paragraph 206 of the Complaint.

**RESPONSE TO NO. 207.**

Wendy's denies the allegations in Paragraph 207 of the Complaint.

**RESPONSE TO NO. 208.**

Wendy's lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in the first sentence of Paragraph 208 of the Complaint and, on that basis, denies them. Wendy's denies the remaining allegations of Paragraph 208 of the Complaint.


Wherefore, Wendy's denies that there is any legal or factual basis for any of the relief Plaintiffs seek, including the relief sought in Plaintiffs' Prayer for Relief.

To the extent not expressly admitted above, Wendy's denies each and every allegation in the Complaint and denies that Plaintiffs are entitled to any judgement or entitled to any other relief whether or not expressly requested.

## AFFIRMATIVE DEFENSES

### First Defense

Plaintiffs are estopped from seeking double recovery.

### Second Defense

Plaintiffs' claims are subject to set off and/or apportionment.

### Third Defense

Plaintiffs' claims are barred because any alleged harm is the result of the intervening criminal conduct of a third party.

### Fourth Defense

Plaintiffs' claims are barred because Plaintiffs cannot establish that any alleged harm was proximately caused by an alleged act or omission of Wendy's.

### Fifth Defense

Plaintiffs' claims are barred on the grounds that Plaintiffs have failed to join one or more indispensable parties.

### Sixth Defense

Plaintiffs' claims are barred to the extent Plaintiffs failed to mitigate damages.

### Seventh Defense

Plaintiffs' claims are barred by the Economic Loss Rule.

### Eighth Defense

Plaintiffs' claims are barred by the applicable statutes of limitation.

### Ninth Defense

Plaintiffs' claims are barred by the doctrine of waiver and/or estoppel.

### Tenth Defense

Plaintiffs' claims are barred by the doctrine of latches.

### Eleventh Defense

Plaintiffs' claims are barred because Wendy's owed no duty to Plaintiffs.

### Twelfth Defense

Plaintiffs' claims are barred because they assumed the risk that all financial institutions face when they issue payment cards.

### Thirteenth Defense

Plaintiffs' claims are barred by the doctrine(s) of comparative and/or contributory negligence.

**Fourteenth Defense**

Plaintiffs' claims are barred to the extent precluded or barred by their agreements relating to their participation in the Card Brand networks.

**Reservation of Right to Assert Additional Defenses**

Additional facts that are currently unknown to Wendy's may be revealed through the course of discovery and further investigation that will support additional defenses.  Wendy's reserves the right to assert such affirmative defenses in the future.

Respectfully submitted this 26th day of May, 2017.

[SIGNATURE ON NEXT PAGE]

By: *Kristine McAlister Brown*
KRISTINE MCALISTER BROWN
*Admitted Pro Hac Vice*
CARI K. DAWSON
*Pro Hac Vice Application Forthcoming*
DONALD M. HOUSER
*Admitted Pro Hac Vice*
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, Georgia  30309-3424
Telephone:  404-881-7000
Facsimile: 404-881-7777
kristy.brown@alston.com
cari.dawson@alston.com
donald.houser@alston.com

STEPHEN S. STALLINGS
Pa. ID # 205131
**STEPHEN S. STALLINGS, ESQUIRE**
The Osterling Building
228 Isabella Street
Pittsburgh, PA 15212
Telephone: (412) 322-7777
Facsimile: (412) 322-7773
attorney@stevestallingslaw.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of May, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

By: *Kristine McAlister Brown*
      KRISTINE MCALISTER BROWN