**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FIRST CHOICE FEDERAL CREDIT UNION, et al., | : |
| | : Civil Action No.: 2:16-cv-00506-NBF-MPK |
| Plaintiffs, | : |
| | : Chief Magistrate Judge Maureen P. Kelly |
| v. | : |
| | : *ELECTRONICALLY FILED* |
| THE WENDY'S COMPANY, et al., | : |
| | : |
| | : |
| Defendants. | : |

**Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES**

**1.     Identification of counsel and unrepresented parties**.

**Counsel for all Plaintiffs:**

| | |
|---|---|
| Gary F. Lynch<br>**CARLSON LYNCH SWEET KILPELA & CARPENTER, LLP**<br>1133 Penn Ave., 5th Floor<br>Pittsburgh, PA  15222<br>T:  412-322-9243<br>F: 412-231-0246<br>glynch@carlsonlynch.com | Erin Green Comite<br>**SCOTT+SCOTT, ATTORNEYS AT LAW, LLP**<br>156 South Main Street<br>P.O. Box 192<br>Colchester, CT 06415<br>Telephone: (860) 537-5537<br>Facsimile: (860) 537-4432<br>ecomite@scott-scott.com |

**Counsel for all Defendants:**

| | |
|---|---|
| Kristine McAlister Brown<br>Donald M. Houser<br>**ALSTON & BIRD, LLP**<br>1201 W. Peachtree Street<br>Atlanta, GA 30309-3424<br>T: 404-881-7000<br>F: 404-881-7777<br>kristy.brown@alston.com<br>donald.houser@alston.com | Stephen S. Stallings<br>**STEPHEN S. STALLINGS, ESQUIRE**<br>The Osterling Building<br>228 Isabella St.<br>Pittsburgh, PA 15212<br>T: 412-322-7777<br>F: 412-322-7773<br>attorney@stevestallingslaw.com |

1

2.  **Set forth the general nature of the case** (patent, civil rights, anti-trust, class action, etc):

    **Plaintiffs' statement:**

    Plaintiffs include payment-card-issuing financial institutions and credit union associations who are seeking to recover monetary damages and other equitable relief as a result of a data breach at Defendants' Wendy's fast food chain. The breach spanned between October 2015 and June 2016 and affected over 1,000 restaurants and at least 18 million payment cards. The Financial Institution Plaintiffs have asserted claims for negligence, negligence *per se*, and violation of the Ohio Deceptive Trade Practices Act ("ODTPA") and they are joined by the Association Plaintiffs to seek equitable relief under the Declaratory Judgment Act. The case is brought as a proposed class action.

    **Defendants' statement:**

    Plaintiffs' claims arise out of third-party criminal cyberattacks on the point of sale systems of certain independently owned and operated franchisees of the Wendy's brand. Plaintiffs are financial institutions and associations of financial institutions located across the country that are seeking to impose liability on Defendants The Wendy's Company, Wendy's Restaurants, LLC, and Wendy's International, LLC (collectively, "Wendy's")[1] for harm they purportedly suffered in a variety of different states as a result of this third-party criminal conduct. The financial institutions assert claims for negligence, negligence *per se*, and violation the Ohio Deceptive Trade Practices Act ("ODTPA"). The financial institution association plaintiffs do not seek monetary relief but only equitable relief. Plaintiffs bring this case as a putative class action.

3.  **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

    A Rule 26(f) Conference was held on Monday, June 12, 2017. The participants were Gary F. Lynch and Erin Green Comite for the Plaintiffs and Kristine M Brown and Donald M. Houser for Wendy's.

4.  **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:** (*Lead Trial Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference with their calendars in hand for the purpose of scheduling other pre-trial events and procedures, including a Post-Discovery Status Conference; Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference prepared to discuss the anticipated number of depositions and identities of potential deponents and the anticipated dates by which interrogatories, requests for production of documents and*

---

[1] The Wendy's Company and Wendy's Restaurants, LLC are not proper parties to this litigation.

*requests for admissions will be served)*:

The Rule 16 Initial Scheduling Conference is set for June 28, 2017, at 10:45 a.m. in the Chambers of Chief Magistrate Judge Maureen P. Kelly, United States Post Office & Courthouse, Pittsburgh, Pennsylvania.

5. **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed**:

Defendants filed a motion to dismiss the consolidated amended complaint, and that motion was denied in its entirety on March 31, 2017. Defendants answered the consolidated amended complaint on May 26, 2017.

6. **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

The Parties agreed to utilize non-binding mediation. In fact, the Parties have already conducted one mediation session. After the Court denied Defendants' motion to dismiss, the Parties met with Hon. Edward A. Infante (Ret.) on May 15, 2017 in San Francisco, CA. That session did not result in settlement, but Judge Infante is continuing his involvement and the Parties anticipate scheduling another session with him after certain initial, targeted discovery is completed, as set forth in more detail herein.

7. **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:**

The Parties have already exchanged Rule 26(a) disclosures.

8. **Discovery prior to Class Certification must be sufficient to permit the Court to determine whether the requirements of Fed. R. Civ. P. Rule 23 are satisfied, including a preliminary inquiry into the merits of the case to ensure appropriate management of the case as a Class Action. However, in order to ensure that a class certification decision be issued at an early practicable time, priority shall be given to discovery on class issues. Once Class Certification is decided, the Court may, upon motion of a party, enter a second scheduling and discovery order, if necessary.**

9. **Subjects on which class certification discovery may be needed. (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein):**

3

The Parties have tentatively agreed that early discovery, while open generally to all matters within the scope of Rule 26(b), should be focused upon two topics that will both impact the class certification issue and assist the Court and the Parties in defining the scope of the remaining discovery in the case:

1) **Choice of law.** As demonstrated by the briefing in connection with the motion to dismiss, the Parties dispute which states' laws should apply to the underlying claims. The Parties believe that discovery regarding the fact-based elements of the choice-of-law analyses should take priority. For instance, Plaintiffs wish to take discovery regarding where certain conduct on the part of Wendy's with respect to the IT systems implicated in the data breach took place. Likewise, Wendy's will seek discovery concerning, among other things, the nature, extent, and location of Plaintiffs' and putative class members' purported injuries and harm, the nature and extent of Plaintiffs' and putative class members' businesses and operations, and the relationship between the Plaintiffs' and putative class members' operations and the injuries and harm alleged. Once discovery related to the choice of law question is completed, Plaintiffs intend to present a motion, pursuant to Rule 1 and Rule 26(b), seeking the Court's determination regarding the appropriate state law to be applied in this case. The Parties believe that, by having the choice of law question answered at the outset, discovery will be more focused and efficient, both with regard to the class certification question and all remaining liability and damage issues.

2) **Franchisor/Franchisee relationship.** Wendy's is asserting that it is not liable for Plaintiffs' claimed damages because, among other reasons: (1) only point of sale systems of Wendy's independently owned and operated franchisees were breached, and (2) none of Wendy's corporate IT systems were breached or otherwise involved in the breach. The Parties believe discovery should also be initially focused on this issue. For example, Plaintiffs intend to seek discovery regarding Wendy's level of control over the IT systems of the franchisees, and the security protocols in place at both the corporate and franchisee level, particularly with respect to the access to such IT systems by third-parties, including IT support service vendors. Additionally, Plaintiffs intend to seek discovery regarding the mechanics of the data breach and how it impacted the IT systems of the franchisees.

**10.**  **Set forth suggested dates for the following** (The parties shall provide such information even if dispositive motions pursuant to Fed. R. Civ. P. 12 have been or are anticipated to be filed, except to the extent discovery and other proceedings have been or will be stayed under the Private Securities Litigation Reform Act or otherwise. If there are dates on which the parties have been unable to agree, set forth the date each party proposes and a brief statement in support of each such party's proposed date. Attach to this report form a proposed Court Order setting forth all dates agreed to below and leaving a blank for the insertion of a date by the Court for any date not agreed to):

As set forth above, the Parties wish to conduct certain initial, targeted discovery regarding: (1) the choice of law question; and (2) Wendy's role as a franchisor with respect to the franchisee POS systems.  After such discovery is completed, Plaintiffs will move for a determination of the appropriate state's law.  The Parties respectfully suggest that the following deadlines be set for that process:

> **Date by which initial discovery to be completed:**  November 15, 2017.
>
> **Plaintiffs' motion and brief (not to exceed 30 pages) regarding choice of law to be filed by:**  November 15, 2017.
>
> **Defendants' response brief regarding choice of law, not to exceed 30 pages, to be filed by:**  December 18, 2017.
>
> **Plaintiffs' reply brief regarding choice of law, not to exceed 20 pages, to be filed by:**  January 15, 2018.

The Parties suggest that the Court hold a status conference after the ruling on the choice of law issue, for purposes of addressing all other pretrial deadlines, other than initial disclosures, as set forth below.

a. **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:**

   Already Completed

b. **Date by which any additional parties shall be joined:**

   ____

c. **Date by which the pleadings shall be amended:**

   ____

d. **Date by which class certification discovery should be completed:**

   ____

e. **Date by which plaintiffs' expert reports as to class certification shall be filed:**

   ____

f. **Date by which defendants' expert reports as to class certification shall be filed:**

5

____

 g. **Date by which depositions of class certification experts must be completed:**

____

 h. **Plaintiffs' Motion for Class Certification, Memorandum in Support, and all supporting evidence shall be filed by**:

____

 i. **Defendants' Memorandum in Opposition to Class Certification and all supporting evidence shall be filed by:**

____

 j. **Plaintiffs' Reply Memorandum in support of class certification, if any, shall be filed by:**

____

 k. **The Class Certification hearing shall be as scheduled by the Court.**

11. **After the resolution of the motion for class certification, the Court shall hold a Post-Certification Determination Conference to discuss how the case shall proceed in light of the disposition of the Class motion. If the parties wish to establish a schedule for post-Class Certification pretrial matters at this time, set forth suggested dates for the following:**

 a. **Date by which fact discovery should be completed:**

 b. **Date by which plaintiff's expert reports should be filed:**

 c. **Date by which depositions of plaintiff's expert(s) should be completed:**

 d. **Date by which defendant's expert reports should be filed:**

 e. **Date by which depositions of defendant's expert(s) should be completed:**

 g. **Date by which third party expert's reports should be filed:**

 h. **Date by which depositions of third party's experts should be completed:**

**12.  If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:**

Given the number of parties and the likelihood of third-party depositions, the Parties agree that they should not be bound by the presumptive ten deposition limit in Rule 30(a). For instance, Plaintiffs have served multiple third-party subpoenas, and Wendy's anticipates deposing each named Plaintiff. Accordingly, the Parties agree as follow:

1. Wendy's (collectively) shall be entitled to depose:

    a. Each named Plaintiff or its corporate designee;

    b. Up to ten (10) additional fact witnesses; and

    c. Up to ten (15) third-parties pursuant to Rule 45.

2. Plaintiffs (collectively) shall be entitled to depose:

    a. Each named Defendant or its corporate designee;

    b. Up to ten (10) additional fact witnesses; and

    c. Up to ten (15) third-parties pursuant to Rule 45.

A Party may cross-notice and otherwise participate in a Rule 45 deposition noticed by an opposing Party and such cross-notice and participation shall not count against that Party's limit. For example, Wendy's shall be entitled to cross-notice and participate in a deposition noticed by Plaintiffs, but that cross-notice and participation does not count against Wendy's limit of ten (10) Rule 45 depositions.

**13.  Set forth whether the parties have considered the need for special deadlines, procedures or orders of court dealing with discovery of electronically-stored information (electronic discovery), including the need for the preservation of discoverable information and the protection of the right to assert privilege(s) after the production of privileged information and if so, set forth the results of such consideration:**

Other than as set forth above, at this time the Parties do not believe that any special deadlines or procedures are necessary. The Parties also note that this case will involve the discovery of ESI. The Parties have already conducted multiple meet-and-confers regarding discovery (including ESI), and the Court previously entered orders approving he Parties' Stipulated Confidentiality and Protective Order (ECF 61) and Stipulated Order Regarding the Production of Documents and ESI (ECF 62).

14. **Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following:** (The parties are *not* required during their Rule 26(f) Conference to consider or propose dates for the items identified below. Those dates will be determined, if necessary, at the Post-Discovery Status Conference. Lead trial counsel for each party and each unrepresented party are required to attend the Post-Discovery Status Conference with their calendars in hand to discuss those items listed below that require scheduling. In addition, a representative with settlement authority of each party shall be required to attend; representatives with settlement authority of any insurance company providing any coverage shall be available throughout the Conference by telephone):

Following the completion of all fact discovery, the Parties have elected to schedule a Post-Discovery Status Conference. As that conference the Parties will discuss how the case shall proceed in light of the status of the action at that time.

    a. **Settlement and/or transfer to an ADR procedure;** See above.

    b. **Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraphs 9.f. through 9.k., above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference;** See above.

    c. **Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;** See above.

    d. **Dates by which parties' pre-trial statements should be filed;** See above.

    e. **Dates by which *in limine* and *Daubert* motions and responses thereto should be filed;** See above.

    f. **Dates on which motions *in limine* and *Daubert* motions shall be heard;** See above.

    g. **Dates proposed for final pre-trial conference;** See above.

    h. **Presumptive and final trial dates.** See above.

15. **Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):**

    None

16. **Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such**

> master and any special qualifications that such master may require to perform such role:

   The Parties do not anticipate the need for a special master.

17. If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 10, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:

18. Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:

   The Parties are continuing to work with Judge Infante, in follow up to the mediation session held by him on May 15, 2017, and are continuing their settlement discussions, pending the discovery outlined above.


Dated: June 19, 2017                                     Respectfully submitted,

By:

| */s/ Gary F. Lynch*<br>Gary F. Lynch<br>**CARLSON LYNCH SWEET KILPELA & CARPENTER, LLP**<br>1133 Penn Ave., 5th Floor<br>Pittsburgh, PA  15222<br>T:  412-322-9243<br>F: 412-231-0246<br>glynch@carlsonlynch.com | Erin Green Comite<br>**SCOTT+SCOTT, ATTORNEYS AT LAW, LLP**<br>156 South Main Street<br>P.O. Box 192<br>Colchester, CT 06415<br>Telephone: (860) 537-5537<br>Facsimile: (860) 537-4432<br>ecomite@scott-scott.com |
|---|---|
| *Co-lead counsel for Plaintiffs* ||

| */s/ Donald M. Houser*<br>Kristine McAlister Brown<br>Donald M. Houser<br>**ALSTON & BIRD, LLP**<br>1201 W. Peachtree Street<br>Atlanta, GA 30309-3424<br>T: 404-881-7000<br>F: 404-881-7777<br>kristy.brown@alston.com<br>donald.houser@alston.com | Stephen S. Stallings<br>**STEPHEN S. STALLINGS, ESQUIRE**<br>The Osterling Building<br>228 Isabella St.<br>Pittsburgh, PA 15212<br>T: 412-322-7777<br>F: 412-322-7773<br>attorney@stevestallingslaw.com |
|---|---|
| *Counsel for Defendants* ||